UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SARAH B. NIXON, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | Case No. 4:09-CV-01896-DJS |
| | ) | |
| ENTERPRISE CAR SALES COMPANY | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

## ENTERPRISE'S MOTION TO COMPEL

COMES NOW Defendant/Counterclaim Plaintiff Enterprise Leasing Company of STL, LLC ("Enterprise") and, pursuant to FED. R. CIV. P. 37 and Local Rule 37 – 3.04, moves for an order (a) overruling Plaintiff Counterclaim Defendant Sarah B. Nixon's ("Nixon") boilerplate objections to Enterprise's discovery requests, and (b) directing Nixon to answer fully Enterprise's interrogatories and produce all documents described herein.  As grounds therefore, and in support of its Motion, Enterprise states:

1.      This lawsuit involves Nixon's purchase of a used car from Enterprise.

2.      By this Motion to Compel, Enterprise seeks to enlist the Court's assistance in discovering information that is essential to Nixon's Fair Credit Reporting Act ("FCRA") and Missouri Merchandising Practices Act ("MMPA") claims against Enterprise, as well as Enterprise's breach of contract and negligent misrepresentation claims against Nixon.

3.      On August 26, 2010, Enterprise served interrogatories and initial document requests on Nixon.  See Ex. 1 (transmittal email and certificate of service).  In early October, Nixon served her objections and responses.  See Ex. 2 (Responses to Enterprise's First Requests for Production of Documents) and Ex. 3 (Answer to Enterprise's First Set of Interrogatories).

4.       In Nixon's responses, she lodged numerous boilerplate, generic objections.   In many of its discovery responses, Nixon has attempted to create an appearance of compliance, either providing some information (in response to interrogatories) or some of the requested documents.   As a result, neither Enterprise nor the Court can ascertain what additional, responsive information and documents (if any) exist but is/are being withheld by Nixon. Because generalized objections like those made by Nixon are inconsistent with the federal rules and this Court's Local Rule 37 – 3.04, they should be summarily overruled, and Nixon should be ordered to provide/produce whatever other responsive information and documents she has.

5.       In addition to Nixon's generalized objections, Nixon refuses to produce certain information and documents that are relevant to the parties' respective claims in this lawsuit, including but not limited to: (1) Nixon's gross monthly income for a reasonable period of time surrounding the Credit Application; (2) Nixon's credit history and details surrounding the pulling of her credit report for a reasonable period of time;  and, (3) Nixon's alleged damages.

6.       Pursuant to FED. R. CIV. P. 37 and Local Rule 37 - 3.04, Enterprise's counsel made several efforts to confer with Nixon's counsel in good faith regarding the deficiencies in Nixon's discovery responses.  See Ex. 4 (November 5, 2010 Letter) and Ex. 5 (November 15, 2010 Email).  Unfortunately, those attempts were unsuccessful as Nixon's counsel did not even respond to Enterprise's attempts to meet-and-confer, despite the fact that Enterprise waited two weeks before resorting to the filing of this motion.

7.       As more fully explained in Enterprise's accompanying Memorandum, Enterprise asks this Court to overrule Nixon's objections and unfounded claims of work product, and compel the following:

- Nixon's full and complete answers to Interrogatories 11, 14, 20, and 22.

- Nixon's production of all documents being withheld in reliance on such objections, including documents responsive to Requests 20, 21, 27, and 28;

- Nixon's execution of the authorizations for release of her tax returns and credit bureau records, as requested under Request 28.

WHEREFORE, Enterprise respectfully submits that this Court should enter an Order compelling Nixon, within ten (10) days of the Court's Order, to fully respond to Enterprise's First Set of Interrogatories and First Set of Requests for Production of Documents, as specified in the accompanying Memorandum, to produce all responsive documents, and for any such other relief as the Court deems just and proper.

Respectfully submitted,

By:/s/Matthew D. Guletz
    Christopher M. Hohn, #44124MO
    Matthew D. Guletz, #57410MO
    THOMPSON COBURN LLP
    One US Bank Plaza
    St. Louis, MO  63101
    (314) 552-6000
    (314) 552-7000 (fax)
    chohn@thompsoncoburn.com
    mguletz@thompsoncoburn.com

*Attorneys for Defendant/Counterclaim Plaintiff*
*Enterprise Leasing Company of STL, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was filed electronically with the Clerk of the Court to be served via operation of the Court's electronic filing system this 19th day of November, 2010, to the following:

Mitchell B. Stoddard
Consumer Law Advocates
11330 Olive Blvd., Ste. 222
St. Louis, MO 63141

*Attorney for Plaintiff/Counterclaim Defendant*

/s/ Matthew D. Guletz