UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SARAH B. NIXON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV1896 HEA |
| ) | |
| ENTERPRISE CAR SALES COMPANY, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

Now before the Court is defendant Enterprise Car Sales Company's motion to compel [Doc. #43]. Plaintiff Sarah B. Nixon responded to the motion, and plaintiff replied. Accordingly, the motion is now ripe for disposition.

**Facts and Background**

This action arises out of plaintiff's purchase of an automobile from defendant and the financing of that automobile purchase. In her first amended complaint, plaintiff alleges that defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, by obtaining plaintiff's credit report without authorization, under false pretenses, and without a permissible purpose. Plaintiff further alleges that defendant violated the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.010, by misrepresenting that plaintiff had been approved for financing with CitiFinancial Auto, by concealing that defendant had approved plaintiff's credit application, by requesting an unauthorized copy of plaintiff's credit report, and by repeatedly submitting plaintiff's credit application to other financing companies. After plaintiff filed these claims, defendant countersued, alleging that plaintiff breached her purchase contract with defendant

by bouncing a check for half of her down payment, by failing to make timely payments, and by failing to accurately report her gross monthly income on her credit application. Defendant also alleges that plaintiff is liable for negligent misrepresentation for overstating her income on the credit application.

Defendant now seeks an order from the Court overruling plaintiff's objections to several of defendant's discovery requests and compelling plaintiff to answer those requests. Specifically, defendant seeks: full and complete answers to its interrogatories 11, 14, 20, and 22; production of documents responsive to its requests for production 20, 21, 27, and 28; and execution of authorizations for plaintiff's tax returns as called for by request for production 28. Defendant's interrogatory 11 and document requests 20 and 21 seek detailed information concerning plaintiff's alimony or child support income. Interrogatory 14 seeks the identity of plaintiff's banks and bank accounts where she received direct deposits for employment income. Interrogatory 20 asks plaintiff to provide a detailed accounting of her alleged damages, and interrogatory 22 requests that plaintiff specifically identify how she has been damaged by her alleged injury to her credit reputation. Finally, document requests 27 and 28 seek copies of plaintiff's tax returns from 2007 to the present. Plaintiff objected to each of these discovery requests and now stands on her objections in asking the Court to deny defendant's motion to compel.

## Discussion

In a civil action in federal court, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Because the rules allow for such broad discovery, a party resisting discovery typically carries the burden to explain why such discovery should be limited. See Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380-81 (8th Cir.

1993). After the party seeking discovery makes a threshold showing of relevance, the party opposing a motion to compel must support its objection with specific explanations or factual support showing that the discovery request is improper. See id. Thus, bare assertions of undue burden, expense, or oppression ordinarily are not sufficient to prevent discovery of relevant evidence. See St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp., 198 F.R.D. 508, 511-12 (N.D. Iowa 2000).

Federal courts have recognized a public policy against the unnecessary public disclosure of tax returns. See Schoenbaum v. E.I. Dupont de Nemours & Co., No. 4:05CV1108 ERW, 2009 WL 249099, at *1 (E.D. Mo. Feb. 2, 2009) (citing Premium Serv. Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975)). Nevertheless, this public policy does not trump absolutely a party's right to discovery of relevant information in the tax returns when good cause is shown for tax returns to be produced. Id. Thus, disclosure of tax returns is appropriate when: (1) the tax returns contain relevant information; and (2) there is a compelling need for production of the returns because the relevant information contained in them cannot be obtained readily through other means. Id.; see also Sowers v. Gatehouse Media Mo.Holdings, Inc., No. 4:08CV633 TIA, 2009 WL 1106946, at *1 (E.D. Mo. April 23, 2009) (citing A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 191 (C.D. Cal. 2006)).

With regard to defendant's discovery requests seeking information concerning plaintiff's income from alimony, child support, and employment, such information is relevant to this case because it would tend to show whether plaintiff truthfully represented her income in her credit application. Plaintiff has failed to support her objection to these requests with any specific showing that complying with such requests would be unduly burdensome. Accordingly, the Court will order plaintiff to fully respond to interrogatories 11 and 14 and document requests 20 and 21, with such

responses to be limited to the time period between January 1, 2007 and February 10, 2009.

With regard to defendant's discovery requests seeking further information concerning plaintiff's alleged damages, the information requested is clearly relevant to the case because it tends to prove or disprove an essential element of plaintiff's claims. Plaintiff's responded to interrogatories 20 and 22 that her damages were undetermined. She indicated that she would supplement at a later date. In response to defendant's motion to compel, plaintiff indicates that she remains unable to respond because the calculation of the damages requires an expert that has not yet been obtained. Considering that this case has been pending for over a year and is set for trial in six months and that plaintiff's deadline for disclosure of experts passed on February 1, 2011, plaintiff has had sufficient time to determine her alleged damages and to supplement her response. Accordingly, the Court will order plaintiff to fully respond to interrogatories 20 and 22.

Finally, the Court turns to the issue of defendant's requests for plaintiff's tax returns. Defendant has demonstrated that this evidence is relevant in that it will tend to show whether plaintiff truthfully represented her income on her credit application. Defendant has not shown a compelling need for the production of tax returns in this case, however, because defendant is able to obtain the relevant information concerning plaintiff's income through other means, namely through the pay stubs plaintiff has already produced and through the information discussed above, which will be supplied in compliance with this order. Accordingly, the Court will not order plaintiff to provide responses to document requests 27 and 28, and defendant's motion to compel will be denied in that respect.

For the above stated reasons,

**IT IS HEREBY ORDERED** that defendant Enterprise Car Sales Company's motion to

4

compel [Doc. #43] is **GRANTED**, in part, and **DENIED**, in part.

**IT IS FURTHER ORDERED** that plaintiff Sarah B. Nixon shall fully answer interrogatories 11, 14, 20, and 22 within 21 days of the date of this order.

**IT IS FURTHER ORDERED** that plaintiff Sarah B. Nixon shall produce the documents sought in defendant's document requests 20 and 21 for the period of January 1, 2007 through February 10, 2009 within 21 days of the date of this order.

**IT IS FURTHER ORDERED** that defendant Enterprise Car Sales Company's motion to compel is **DENIED**, inasmuch as it seeks responses to document requests 27 and 28.

Dated this 26th day of April, 2011.

_____
      HENRY EDWARD AUTREY
      UNITED STATES DISTRICT JUDGE