# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SARAH B. NIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV1896 HEA |
| | ) | |
| ENTERPRISE CAR SALES CO., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Enterprise Car Sales Co.'s ("Enterprise") Motion for Bill of Costs [ECF. No 97]. Plaintiff Sarah B. Nixon ("Nixon") filed a response in opposition to the Motion [ECF No. 98], and Enterprise filed a reply to Nixon's response [ECF No. 99]. For the reasons set forth below, Enterprise's Motion for Bill of Costs is granted.

## Facts and Background

Nixon filed suit against Enterprise for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* (Count I) and Missouri Merchandising Practices Act ("MPA"), § RSMO 407.010, *et seq.* (Count II).[1] On October 13, 2011, the Court ordered summary judgment in favor of Enterprise. On December 8, 2011,

---

[1] Enterprise had filed counterclaims alleging breach of contract and negligent misrepresentations; however, those claims have since been dismissed without prejudice. *See* ECF No. 95.

Enterprise filed its Bill of Costs motion that is now before the Court. Enterprise requests that the Court tax its Bill of Costs in the amount of $3,220.66 against Nixon and include such amount in the judgment. Enterprise contends that the sole costs it seeks to recoup are the costs associated with (i) the video depositions of the parties and the deposition of Nixon's expert; and (ii) printing and duplication costs for copies that were necessarily obtained for use in this case.

## Discussion

Enterprise, as the prevailing party at trial, seeks reimbursement for the amount of costs it incurred pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, which provides "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Additionally, Section 1920 of Title 28 provides in relevant part:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) ***Fees and disbursements for printing and witnesses***;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

 (Emphasis added)

Plaintiff Nixon contends that under the FCRA, in order for a prevailing party to be awarded costs, the Court must find that the opposing party's claim was filed in bad faith. Specifically, Plaintiffs argue that pursuant to the FCRA, specifically § 1681n(c) and § 1681o(b), upon a court's finding "that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper." In reliance of her position, Nixon cites to the Ninth Circuit's decision in *Rouse v. Law Offices of Rory Clark*, 603 F.3d 699 (9th Cir. 2010). In *Rouse,* the court held that a "prevailing defendant cannot be awarded costs under the FDCPA unless the plaintiff brought the action in bad faith and for the purposes of harassment." *Id.* at 701.

The Court is not persuaded by Plaintiffs' argument. As Defendant properly points out, this case contained FCRA and MPA claims. Just as the Tenth Circuit held in *Marx v. General Revenue Corp.*, 668 F.3d 1174 (10th Cir.(Colo.) 2011), the Ninth Circuit's *Rouse* opinion is unpersuasive and inapplicable here. An award of costs under 54(d) is presumptive. *Id.* at 1182.

3

"Parties are well aware of this and it is common for parties settling a case to insert the phrase 'each party to bear its own costs.'" *Id.* Without this common agreement, however, to deny the prevailing party its costs is in the nature of a punishment. Absent some specific statutory guidance, it does not seem proper to hold that a party should be penalized for proving it committed no violation of law. *Id.* As such, the Court finds that the FCRA is not a federal statue discussed in Rule 54(d)(1) of the Federal Rules of Civil Procedure that preempts its applicability.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Enterprise's Motion for Bill of Costs is GRANTED, and costs shall be taxed against Plaintiff Nixon in the amount of THREE THOUSAND TWO HUNDRED TWENTY-NINE DOLLARS AND SIXTY-SIX CENTS ($3,229.66).

Dated this 30th day of May, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE